UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN STERLING** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-217** |
| **JOSEPH FRANCIS, ET AL.** | **SECTION: "P"(3)** |

## REPORT AND RECOMMENDATION

In January 2024, plaintiff, Kevin Sterling, a state inmate, filed this *pro se* and *in forma pauperis* federal civil action under 42 U.S.C. § 1983. He sued Joseph Francis and Chris Lambert. Plaintiff claimed that his rights were violated when the defendants searched, seized, and ultimately sold a vehicle in which he was an occupant.

Summonses were issued on April 29, 2024, and forwarded to the U.S. Marshal for service on the defendants at the address plaintiff provided— the Plaquemines Parish Sheriff's Office.[1] On August 22, 2024, the U.S. Marshal attempted to effect service on the defendants at that address. That attempt was unsuccessful. The unexecuted returns filed into the record with respect to both defendants stated: "Does not work at listed address."[2]

On August 30, 2024, the undersigned U.S. Magistrate Judge issued an Order stating:

---

[1] *See* Rec. Docs. 7 and 8.
[2] Rec. Doc. 9.

In his complaint, plaintiff provided the following address for defendants Joseph Francis and Chris Lambert: Plaquemines Parish Sheriff's Office, 8022 Highway 23, Belle Chasse, LA 70037. Rec. Doc. 3, p. 2. The United States Marshal attempted to serve the defendants at that address. However, the Marshal's unexecuted returns for both defendants state: "Does not work at listed address." Rec. Doc. 9.

It is plaintiff's responsibility to provide all information necessary for the United States Marshal to effect service.

Accordingly,

**IT IS ORDERED** that, on or before **September 30, 2024**, plaintiff provide the Court with proper addresses at which Joseph Francis and Chris Lambert can be served. If plaintiff fails to comply with the Court's order and fails to show good cause for not doing so, his claims against those defendants may be dismissed pursuant to Fed. R. Civ. P. 4(m).[3]

Plaintiff did not comply with that Order**.** Accordingly, the claims against Francis and Lambert should now be dismissed.

In pertinent part, Rule 4(m) provides:

If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – **must** dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).

Plaintiff was granted pauper status in this lawsuit.[4] Therefore, he was entitled to have service effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). That

---

[3] Rec. Doc. 10.
[4] Rec. Doc. 4.

fact, however, did not relieve plaintiff of all responsibility for service. Rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and **attempt to remedy any apparent service defects of which a plaintiff has knowledge**." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (emphasis added). Dismissal is appropriate when service has not been properly effected because of the inaction or dilatoriness of a plaintiff proceeding *in forma pauperis. Id.*

Here, the Rule 4(m) deadline has expired, and, despite the passage of that extensive period of time, plaintiff has not provided this Court or the United States Marshal with the information necessary to effect service on Francis or Lambert. The Court gave plaintiff notice that those defendants were not served, as well as an opportunity to cure that defect. Yet he failed to cure the defect by providing the necessary service information, and thus the United States Marshal cannot effect service. Therefore, the failure to serve Francis and Lambert resulted not from the actions or inactions of the Court or the United States Marshal, but solely from the inaction and dilatoriness of plaintiff.

Despite being given express notice that his claims against Francis and Lambert could be dismissed unless plaintiff provided the required information or showed good cause for failing to do so, plaintiff failed to respond to the Court's notice. Accordingly, dismissal of those claims is now appropriate. *See, e.g., Gipson v. Keith*, 678 F. App'x 264, 266 (5th Cir. 2017); *Triplett v. LeBlanc*, 642 F. App'x 457, 459-60 (5th Cir. 2016); *Armant v. Stalder*, 351 F. App'x 958, 959 (5th Cir. 2009); *Verdin v.*

*Soignet*, Civil Action No. 23-02735, 2024 WL 1595703, at *7-8 (E.D. La. Jan. 16, 2024), *adopted*, 2024 WL 960388 (E.D. La. Mar. 6, 2024); *Pines v. St. Tammany Parish Prison*, Civ. Action No. 09-3113, 2009 WL 3347384, at *1-2 (E.D. La. Oct. 14, 2009).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against Joseph Francis and Chris Lambert be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 4(m).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 15th day of October, 2024.

**EVA J. DOSSIER**
**UNITED STATES MAGISTRATE JUDGE**